# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO C. FUNTANILLA, JR, <br><br> Petitioner, <br><br> v. <br><br> KEN CLARK, <br><br> Respondent. | 1:06-cv-01181-LJO-TAG HC <br><br> ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR UNTIMELINESS [Doc. 1] <br><br> ORDER REQUIRING THAT RESPONSE TO ORDER TO SHOW CAUSE BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

On August 31, 2006, Petitioner filed the instant federal petition. (Id.). In that petition, Petitioner alleges that the state law used at a February 5, 1997 prison disciplinary proceeding was unconstitutional and therefore the punishment resulting from that proceeding was unlawful as well. (Doc. 1, p. 8).

## DISCUSSION

A. Preliminary Screening.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42.

B. Statute of Limitations.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997). The instant petition was filed on August 31, 2006, therefore it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, Petitioner was convicted in 1992. (Doc. 1, p. 1). On February 5, 1997, Petitioner appeared before the Pelican Bay State Prison administration segregation Institutional

Classification Committee, at which time the recommendation was made to refer Petitioner's case to the Departmental Review Board ("DRB") for a decision related to Petitioner's prior behavior. (<u>Id.</u> at p. 8). On March 20, 1997, the DRB recommended that Petitioner receive twelve months confinement in the Secure Housing Unit ("SHU"), as the mid-term punishment for harassment. (<u>Id.</u> at p. 21). On April 15, 1997, the Classification Services Unit endorsed the DRB recommendation. (<u>Id.</u> at p. 25).

Thus, the statute of limitations would have commenced on April 16, 1997, when the decision to uphold the DRB recommendation of a one-year SHU placement was made. Petitioner then had one year until April 16, 1998, absent applicable tolling, to file his federal petition for writ of habeas corpus. See <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In this case, Petitioner filed his first state habeas petition in the Superior Court for the County of Kings on January 27, 2003. (Doc. 1, p. 35). However, at that point, the one-year statute has expired almost five years earlier. Thus, even assuming, without deciding, that Petitioner would have been entitled to statutory tolling during the pendency of the Superior Court petition and, thereafter, during the pendency of the state habeas petitions filed subsequently in the California Court of Appeal and the California Supreme Court, the petition is untimely because statutory tolling does not apply if the statute of limitations has expired before the state habeas petition that would trigger statutory tolling has run. <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000)(petitioner is not entitled to tolling where limitations period has already run prior to filing state habeas proceedings). Therefore, Petitioner is not entitled to statutory tolling for any of the period between April 16, 1998 and the

///
///
///

filing of the instant petition. Accordingly, the instant petition appears to be untimely by over eight years.[1]

**ORDER**

Therefore, Petitioner is ORDERED to SHOW CAUSE why the instant Petition for Writ of Habeas Corpus (Doc.1) should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d). Petitioner is GRANTED twenty (20) days from the date of service of this Order to respond in writing.

Petitioner is forewarned that his failure to comply with this Order may result in Findings and Recommendations that the instant Petition for Writ of Habeas Corpus be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **December 12, 2007**                    **/s/ Theresa A. Goldner**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The state courts appear to have been equally troubled by Petitioner's tardiness in pursuing a claim that accrued in 1997. Both the Superior Court and the California Supreme Court denied Petitioner's state habeas petitions on procedural grounds, citing his untimeliness. (Doc. 1, pp. 33; 35).