UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORIO C. FUNTANILLA, JR, | ) | 1:06-cv-01181-LJO-TAG HC |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR UNTIMELINESS [Doc. 1] |
| v. | ) | |
| KEN CLARK, | ) | ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 31, 2006, Petitioner filed the instant federal petition. (Id.). In that petition, Petitioner alleges that the state law used at a February 5, 1997 prison disciplinary proceeding was unconstitutional and therefore the punishment resulting from that proceeding was unlawful as well.

**DISCUSSION**

A. Preliminary Screening

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). In Herbst, the Ninth Circuit concluded that a district court may dismiss sua sponte a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. Herbst v. Cook, 260 F.3d at 1041-1042.

On December 13, 2007, the Court issued an Order to Show Cause directing Petitioner to file a response within thirty days to explain why his petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1). (Doc. 8). On April 4 and 7, 2008, Petitioner filed his response. (Docs. 11, 12). In that response, Petitioner contends that he first learned of the 180-day credit reduction in 2002, and that therefore his petition is not untimely. The Court disagrees.

B. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997). As the instant petition was filed on August 31, 2006, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, Petitioner was convicted in 1992. (Doc. 1, p. 1). On February 5, 1997, Petitioner appeared before the Pelican Bay State Prison administration segregation Institutional Classification Committee, at which time the recommendation was made to refer Petitioner's case to the Departmental Review Board ("DRB") for a decision related to Petitioner's prior behavior. (Id. at p. 8). On March 20, 1997, the DRB recommended that Petitioner receive twelve months confinement in the Secure Housing Unit ("SHU"), as the mid-term punishment for harassment. (Id. at p. 21). On April 15, 1997, the Classification Services Unit endorsed the DRB recommendation. (Id. at p. 25).[1]

Thus, the statute of limitations would have commenced on April 16, 1997, the day after the decision to uphold the DRB recommendation of a one-year SHU placement was made. Petitioner then had one year until April 16, 1998, absent applicable tolling, to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001)(holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In this case, Petitioner filed his first state habeas petition in the Superior Court for the County of Kings on January 27, 2003. (Doc. 1, p. 35). However, at that point, the one-year statute has expired almost

---

[1] Petitioner contends that the Court has misconstrued the record and that the chronology is the reverse–i.e., the Prisons Classification Committee made a recommendation to the DRB, and then the Classifications Services also made a recommendation to the DRB. (Doc. 11, p. 5). Although the Court took its own statement of facts directly from the language contained in the exhibits attached to the petition, the relevant point is that Petitioner does not dispute that the final determination regarding his SHU placement and credit reduction would have occurred on April 15, 1997. If the Court is correct that Petitioner either knew or should have known of his credit reduction at that time, then the AEDPA one-year limitation period would have commenced on April 16, 1997 in any event.

five years earlier. Thus, even assuming, without deciding, that Petitioner would have been entitled to statutory tolling during the pendency of the Superior Court petition and, thereafter, during the pendency of the state habeas petitions filed subsequently in the California Court of Appeal and the California Supreme Court, the petition is untimely because statutory tolling does not apply if the statute of limitations has expired before the state habeas petition that would trigger statutory tolling has run. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000)(petitioner is not entitled to tolling where limitations period has already run prior to filing state habeas proceedings). Therefore, Petitioner is not entitled to statutory tolling for any of the period between April 16, 1998 and the filing of the instant petition. Accordingly, the instant petition appears to be untimely by over eight years.[2]

In his response to the Order to Show Cause, Petitioner contends, in a chronology that is difficult to fully comprehend, that he first learned of the 1997 credit reduction no later than January 8, 2002, when he wrote a letter to "D. Lankford" requesting information about why the credit reduction had been made. (Doc. 11, p. 3). Petitioner received a response on January 15, 2002, confirming the credit reduction but providing no explanation for why it had been made. (Id.). Petitioner contends that it took from January 15, 2002 until November 8, 2002 to obtain documents relating to the credit reduction. (Id.). As mentioned, Petitioner filed his first state habeas petition regarding this matter on January 27, 2003.

Even assuming, arguendo, that Petitioner's chronology is correct, i.e., that he did not learn of the credit reduction until sometime prior to, but certainly no later than, January 15, 2002, when prison authorities confirmed the fact of the reduction, Petitioner still waited over a year before filing his first state habeas petition. Assuming, without deciding, that Petitioner could make a legitimate claim for "newly discovered evidence" regarding his credit reduction, and assuming the factual basis for that claim accrued no later than January 15, 2002, the AEDPA one-year period would have commenced on January 16, 2002, and expired on January 16, 2003, prior to the filing of Petitioner's

---

[2]The state courts appear to have been equally troubled by Petitioner's tardiness in pursuing a claim that accrued in 1997. Both the Superior Court and the California Supreme Court denied Petitioner's state habeas petitions on procedural grounds, citing his untimeliness. (Doc. 1, pp. 33; 35).

1 first state habeas.  As mentioned above, when the statute of limitation expires prior to the filing of
2 the first state habeas, a petitioner is not entitled to statutory tolling for those later-filed petitions.
3 Green, 223 F.3d at 1003. Accordingly, even under Petitioner's "newly discovered" evidence theory,
4 his petition is untimely and must be dismissed.

**RECOMMENDATIONS**

Accordingly, for the foregoing reasons, the Court RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED as untimely.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 4, 2008**              /s/ Theresa A. Goldner
                                    UNITED STATES MAGISTRATE JUDGE