# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO C. FUNTANILLA, JR,    ) | 1:06-CV-01181-LJO-TAG HC |
| ) | |
| Petitioner,    ) | ORDER GRANTING PETITIONER'S |
| ) | MOTION FOR EXTENSION OF TIME TO |
| v.    ) | FILE OBJECTIONS TO FINDINGS AND |
| ) | RECOMMENDATIONS [Doc.  14] |
| ) | |
| KEN CLARK,    ) | ORDER TO FILE OBJECTIONS WITHIN |
| ) | THIRTY DAYS |
| Respondent.    ) | |
| _____ ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On August 31, 2006, Petitioner filed the instant federal petition.  (Id.). In that petition, Petitioner alleges that the state law used at a February 5, 1997 prison disciplinary proceeding was unconstitutional and therefore the punishment resulting from that proceeding was unlawful as well.  (Doc. 1, p. 8).  On December 13, 2007, the Court issued an Order to Show Cause why the petition should not be dismissed for violating the one-year limitation statute in 28 U.S.C. § 2241(d)(1).  (Doc. 8).  The Order to Show Cause ordered Petitioner to file a response within twenty days.

Petitioner filed no response within the time provided by this Court.  Almost four months later, on March 10, 2008, Petitioner filed a request for extension of time to file his response.  (Doc. 9).  The Court, with misgivings about Petitioner's dilatory conduct, nevertheless granted the extension of time for fifteen days.  (Doc. 10).  On April 4, 2008, Petitioner filed his response.  (Doc. 11).  In that response, Petitioner contended that he first learned of the factual basis for his claim in

1   2002.  On November 4, 2008, the Court issued Findings and Recommendations to dismiss the

2   petition as untimely.  (Doc. 13).  The Court concluded that, even assuming that Petitioner's

3   chronology of events were correct, his petition was still untimely by more than one year.  (Id.).

4   The Findings and Recommendations gave Petitioner fifteen days within which to file objections.

5       On November 24, 2008, the fifteenth day since the Findings and Recommendations were

6   issued, Petitioner filed the instant request for an extension of time to file his objections to the

7   Findings and Recommendations.  (Doc. 14).  In that request for extension of time, Petitioner

8   contends that he can "show just cause for why the petition is timely filed," that he did not "have my

9   legal papers for this case and they are in storage here at the prison," that he "need[s] time to prepare

10  a response,"  "to file my document which will show that the petition was filed timely," and that "the

11  prison prevented me from filing my petition timely."  (Id.).

12      Based on the procedural history outlined above, the Court has serious misgivings about

13  Petitioner's lack of diligence in presenting his habeas claims to this Court.  Petitioner was first

14  apprised of the Court's concern about the timeliness of his petition when it issued the Order to Show

15  Cause on December 13, 2007.  In that Order to Show Cause, Petitioner was required to provide

16  information to establish the timeliness of his petition within twenty days.  Despite the Order to Show

17  Cause, Petitioner waited four months to file anything with this Court, and when he did file

18  something, it was a motion for extension of time.  When Petitioner eventually filed his response to

19  the Order to Show Cause, it contained a series of documents.  Some of the documents dated from at

20  or near the time of his original disciplinary hearing in 1997, while others dated from 2002.

21  However, none of the documents established in any way that Petitioner was not aware of the factual

22  basis for his claim until 2002 nor did any of the documents establish that the instant petition was

23  timely under any scenario.

24      To compound matters, rather than diligently attempting to locate the documents he now

25  claims are stored in the prison and unavailable to him, Petitioner apparently did nothing to obtain

26  such documents and present them to this Court.  Instead, Petitioner waited until the Court issued its

27  Findings and Recommendations on November 4, 2008, before responding.  Now, Petitioner requests

28  yet another extension of time to locate and present these documents, almost an entire year after he

1   became aware of the Court's serious concerns about the timeliness of his petition.

2        The Court has been extremely accommodating to Petitioner given the patent tardiness of his

3   petition.  For his part, Petitioner has failed to show diligence at any point in these proceedings,

4   preferring instead to simply react to the Court's orders with delay upon delay.

5        Notwithstanding Petitioner's dilatory conduct, the Court will grant one final extension of

6   time within which Petitioner *must* file his objections.  Petitioner should realize that the Court will

7   not grant any further extensions of time to file the objections absent a showing of extreme

8   circumstances beyond his control.  Moreover, Petitioner is forewarned that if his objections do not

9   fully satisfy the Court's concerns about the untimeliness of the petition, the case will be submitted to

10  the District Judge for consideration of the Findings and Recommendations, dismissal of the petition,

11  and entry of judgment against Petitioner.

12                                   **ORDER**

13       For the foregoing reasons, the Court HEREBY ORDERS that Petitioner's motion for

14  extension of time to file objections (Doc. 14), is GRANTED.  Petitioner is granted thirty days from

15  the date of service of this order within which to file his objections.  No further extensions of time

16  will be granted absent a showing of extreme circumstances beyond Petitioner's control.

17

18  IT IS SO ORDERED.

19  Dated:   **November 26, 2008**                          **/s/ Theresa A. Goldner**
20  _____                                              UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28