UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORIO C. FUNTANILLA, JR., | ) | 1:06-cv-01181-LJO TAG (HC) |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATIONS |
| | ) | (Doc. 13) |
| v. | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| KEN CLARK, | ) | (Doc. 1) |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT TO |
| | ) | ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 4, 2008, the Magistrate Judge assigned to the case filed Findings and Recommendations recommending that the petition for writ of habeas corpus be DISMISSED as untimely. (Doc. 13). The Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within fifteen days from the date of service of that order. On December 30, 2008, Petitioner filed objections to the Findings and Recommendations. (Doc. 16).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Petitioner's objections raise a claim of equitable tolling. The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When  external forces, rather than a

1  petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the
2  statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).
3  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that
4  he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
5  way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary
6  to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."
7  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence,
8  "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.
9       In his objections, Petitioner claims that he is entitled to equitable tolling for a delay caused by
10 a prison counselor in providing Petitioner with copies of state collateral proceedings.  (Doc. 16, p. 5).
11 Petitioner indicates that he would be entitled to such tolling "if his counselor testifies" that he was
12 responsible for the delay.  (Id.).  Petitioner also contends that he was also delayed in filing his first
13 state petition because his "property was stored at a prison while he went out to court." (Doc. 16, p.
14 4).
15      As to the counselor's hypothetical testimony, Petitioner has the burden of establishing an
16 entitlement to equitable tolling, not merely the existence, subsequent to an evidentiary hearing, of a
17 hypothetical possibility that a third party would testify that the third party caused a delay for which
18 Petitioner was not responsible.  Similarly, Petitioner's claim that while he was "out to court" his
19 property was stored back at the prison is unavailing.  Petitioner has not established that he could not
20 have worked on his case while "out to court," nor has he established that such an inconvenience was
21 the "but for" cause of his untimely petition.
22      Moreover, both of these claims of equitable tolling seek equitable tolling for time lost in
23 attempting to file a prior state petition.  This is a novel argument because Petitioner is not contending
24 that circumstances beyond his control prevented him from filing his federal petition in a timely
25 fashion, but rather than circumstances beyond his control prevented him from filing one of his state
26 habeas petitions at an earlier date than the date on which he eventually filed that petition.  According
27 to Petitioner's logic, those delays in filing the state petition deprived him of the statutory tolling to
28

which he would have been entitled had he filed that state petition at an earlier date. The Court is unaware of any federal authority entitling a petitioner to equitable tolling on such attenuated grounds. Equitable tolling is directed to circumstances *directly* affecting Petitioner's timely filing of his federal petition, not historic circumstances that may or may not have affected the date on which he filed prior state petitions. Accordingly, the Court finds no basis for equitable tolling based on the objections filed by Petitioner.

Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis. Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed November 4, 2008 (Doc. 13), are ADOPTED IN FULL;

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED; and

3. The Clerk of Court is DIRECTED to ENTER JUDGMENT for Respondent and close the file.

This order terminates the action in its entirety.

Because Petitioner is challenging an administrative order of the California Department of Corrections and Rehabilitation after a prison disciplinary hearing that resulting in a twelve month confinement in the Secure Housing Unit, no certificate of appealability is required. White v. Lambert, 370 F.3d 1002, 1010 (9th Cir. 2004); see 28 U.S.C. § 2253(c)(1)(A).

IT IS SO ORDERED.

**Dated:   February 4, 2009**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE